UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COURTNEY REIS, o/b/o
ANGELA REIS,

        Plaintiff,

v.                         CASE No. 8:11-CV-2027-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

_____

ORDER

      The plaintiff in this case seeks judicial review of the denial of the claimant's applications for Social Security disability benefits and supplemental security income payments.[*]   Because the decision of the Commissioner of Social Security fails to evaluate properly the claimant's severe impairment of migraine headaches, the decision will be reversed and the matter remanded for further consideration.

_____

[*]As the Commissioner points out, the claimant is listed as deceased, and a family member is bringing this action in a representative capacity (see Doc. 1-1, Doc. 24, p. 1, n.1). He makes no contention that this circumstance affects the consideration of this case.

I.

The claimant, who was forty years old at the time of the administrative hearing and who had the equivalent of a high school education, has worked as a pest exterminator and advertising clerk (Tr. 39, 41, 42, 52). The claimant filed claims for Social Security disability benefits and supplemental security income payments, alleging that she became disabled due to "2 breaks in tail bone and 2 breaks in pelvis and back and hip problems/healing from injuries incorrectly" (Tr. 160). The claims were denied initially and upon reconsideration.

The claimant, at her request, then received a _de novo_ hearing before an administrative law judge. The law judge found that the claimant had severe impairments of "multiple fractures of the pelvis, tailbone, and ribs; disorders of the back; migraines; obesity; depression; and anxiety" (Tr. 20). He concluded that, despite these impairments, she had the following residual functional capacity (Tr. 23):

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant is limited to jobs that do not demand attention to detail, do not involve complicated instructions or job tasks, and consist of simple, routine, repetitive

tasks. However, the claimant is able to maintain
attention for a minimum period of two hours at a
time, can accept supervision and adapt to changes
at a basic level, and can respond appropriately to
coworkers.

The law judge decided that these restrictions prevented the claimant from

returning to prior employment (Tr. 26). However, based upon the testimony

of a vocational expert, the law judge found that there are jobs that exist in

significant numbers in the national economy that the claimant could perform,

such as parking lot attendant and food and beverage order clerk (Tr. 27-28).

The law judge therefore ruled that the claimant was not disabled (Tr. 28).

The Appeals Council let the decision of the law judge stand as the final

decision of the Commissioner.

The plaintiff has timely filed this lawsuit.  The parties

subsequently consented to the exercise of jurisdiction by a United States

Magistrate Judge (Doc. 13).

II.

In order to be entitled to Social Security disability benefits and

supplemental security income, a claimant must be unable "to engage in any

substantial gainful activity by reason of any medically determinable physical

or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff attacks the law judge's decision on two grounds. First, the plaintiff contends that the law judge failed to evaluate properly the claimant's allegations of migraine headaches (Doc. 23, pp. 5-8). Second, the

plaintiff asserts that the law judge did not address the non-examining reviewer's opinion regarding the claimant's deficits in pace and persistence, in violation of Social Security Ruling 96-6p (id., pp. 8-11). The first contention has merit.

The plaintiff asserts a two-pronged argument concerning the law judge's evaluation of the claimant's alleged disabling migraine headaches. First, she argues that the law judge's credibility determination is flawed because the law judge mischaracterized the evidence when he stated that the claimant "rarely complained of migraines" after visiting a neurosurgeon in 2009 (see id., pp. 6-7). Second, the plaintiff contends that the law judge failed to address the frequency, duration, and intensity of the claimant's migraine headaches (id., p. 8).

At the hearing, the claimant testified that she suffered from migraine headaches that "knock [her] out for three days at a time where [she] would just want to die" (Tr. 46). She stated that she experienced such migraines every six weeks (id.).

The Eleventh Circuit has established a standard for evaluating complaints of pain and other subjective complaints. Dyer v. Barnhart, 395

F.3d 1206, 1210 (11th Cir. 2005). As the court of appeals explained in Landry

v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986), the pain standard "required

evidence of an underlying medical condition and (1) objective medical

evidence that confirms the severity of the alleged pain arising from that

condition or (2) that the objectively determined medical condition is of such

a severity that it can be reasonably expected to give rise to the alleged pain."

If the law judge determines that, under this test, there is objectively

determined medical evidence of an impairment which could reasonably be

expected to produce disabling pain, the law judge "must evaluate the

credibility of claimant's testimony as to pain, and must express a reasonable

basis for rejecting such testimony." Hand v. Heckler, 761 F.2d 1545, 1549

n.6 (11th Cir. 1985).

The law judge recognized the need to articulate a credibility

determination, and referred to the pertinent regulations and Social Security

rulings (Tr. 23).  Furthermore, the law judge recounted in his decision the

plaintiff's testimony of pain, depression and, as pertinent here, disabling

migraine headaches (Tr.  24).

The law judge, however, did not find the plaintiff fully credible (id.). Thus, he found that, although the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms, her statements concerning "the intensity, persistence and limiting effects of these symptoms are not credible to the extent that they are inconsistent with the residual functional capacity assessment" (id.). With regard to the claimant's alleged disabling migraines, the law judge said that "[t]he claimant rarely complained of migraines" in visits to her physicians after conferring with a neurologist in 2009, "which tends to suggest that her symptoms are not as severe as she alleges" (Tr. 25).

The plaintiff argues that the law judge mischaracterized the evidence because her treating physicians' progress notes demonstrate "that the claimant frequently complained of headache pain" (Doc. 23, pp. 6-7). In support of this contention, the plaintiff cites to many progress notes by Dr. Rafael Santiago and nurse practitioner Rosemary Clanton which list under "ROS" (review of systems) that "[p]atient admits headache and nausea" (id.; see, e.g., Tr. 648-49).

However, the Commissioner persuasively responds that these notations do not undercut the law judge's statement that there were rare complaints of migraines because none of those records mention "migraine" headaches, which are substantially more severe than regular headaches. Further, the Commissioner aptly notes that, with the exception of one visit, none of those visits to Dr. Santiago's office were for the treatment of headaches (Doc. 24, p. 8). Therefore, the plaintiff's contention that the law judge mischaracterized the evidence regarding the frequency of the plaintiff's complaints of migraine headaches is unpersuasive.

On the other hand, the plaintiff's contention that the law judge failed to address the frequency, duration, and the intensity of the claimant's migraine headaches has merit. Thus, although the law judge did not find credible the plaintiff's assertions of disabling migraine headaches, he did find that the claimant had a severe impairment of migraine headaches (Tr. 20). This means that the claimant suffered from migraine headaches that significantly limit her physical or mental ability to do basic work activities. See 20 C.F.R. 416.920(c).

The law judge, however, failed to assess properly what those significant limitations were. Thus, in discussing limitations due to the claimant's migraines, the law judge cryptically stated that, "when considered in combination with her mental impairments, a limitation restricting the claimant to simple, routine repetitive tasks seems appropriate" (Tr. 25). This limitation cannot reasonably be viewed as a restriction arising from the pain of migraine headaches. While the restriction is appropriate for a moderate limitation in concentration, persistence, or pace due to impairments of depression and anxiety, it is counterintuitive to think that someone suffering from migraine headaches could be adequately accommodated at work by a limitation to "simple routine repetitive tasks." Consequently, the law judge needed to explain his reasons for that conclusion.

The problem here is that the law judge seemed skeptical of the plaintiff's claim of migraine headaches ("scant medical evidence," Tr. 24), but he nevertheless found that it was a severe impairment. Having made that finding, the law judge needed to articulate what the plaintiff's significant limitations were from that impairment and reasonably explain to what extent the plaintiff could work despite the limitations. In this respect, as the plaintiff

points out, the law judge should have included a discussion in the decision regarding how frequently the law judge thought the migraine headaches occurred; how severe he thought they were; and how long he thought they lasted (Doc. 23, p. 8). See 20 C.F.R. 404.1529, 416.929. Without this information, the court cannot review the decision that a limitation to "simple routine repetitive tasks" for her migraine headaches is rational and supported by substantial evidence. See Ryan v. Heckler, 762 F.2d 939, 942 (11th Cir. 1985).

The Commissioner does not deny that a discussion of the "frequency, duration and intensity" of the claimant's migraine headaches is appropriate (Doc. 24, p. 9). Rather, the Commissioner argues that the law judge complied with that obligation when he rejected the claimant's contention that she experienced disabling headaches every six weeks (id.). However, in rejecting the claimant's contentions, the law judge did not state what he thought the frequency, duration, and intensity of her headaches were. Furthermore, this is not a harmless error because the court, as a result, cannot determine whether the residual functional capacity included appropriate limitations on the claimant's ability to work due to her severe migraine

headaches and, concomitantly, whether the law judge's findings that she could perform the jobs of parking lot attendant and order clerk are supported by substantial evidence. Accordingly, the matter must be remanded for further consideration.

Additionally, the plaintiff asserted in her memorandum that the law judge violated Social Security Ruling 96-6p, by not addressing the opinion of non-examining reviewer Sharon Ames-Dennard regarding the claimant's deficits in pace and persistence (Doc. 23, pp. 8-11). Since this matter is being remanded for further consideration, it is appropriate to pretermit a discussion of this contention. However, it is noted that the law judge's limitation in the residual functional capacity to simple, routine repetitive tasks appears to account for those deficits opined by Ames-Dennard (see Tr. 475)(Dennard indicated that the claimant "should be able to attend/conc/persist during the completion of SRTS [simple routine tasks]").

It is, therefore, upon consideration

ORDERED:

That the Commissioner's decision is hereby REVERSED and the matter is REMANDED for further proceedings. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this $6^{\underline{th}}$ day of August, 2012.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE